**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-30215**
**Summary Calendar**

_____

**JIMMIE C. HUVAL,**

**Plaintiff=Appellant,**

**VERSUS**

**GULFCOAST TRANSIT CO., doing business as**
**Teco Transport Co.,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Western District of Louisiana

(98-CV-2409)

_____

July 18, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jimmie C. Huval ("Huval") was employed by Gulfcoast Transit Company ("Gulfcoast") as a relief captain on vessels operated by Gulfcoast. On December 23, 1997, Huval was scheduled to meet the *M/V Betty Wood* in order to relieve the Mate Brent Wilson. Huval

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was approximately 50 minutes late for this crew change. After getting onboard and stowing his gear, Huval had a run-in with Captain Thomas about his being late. As a result of this argument, Huval decided to go back ashore and call the port captain to discuss the situation with the port captain. Captain Thomas advised Huval that if he left the vessel he would be subject to losing his job. Huval talked with the port captain in Tampa, Florida, who advised him that it was more likely that he would lose his job if he did not return to the vessel. The port captain scheduled a meeting with Huval for the next day, but Huval did not attend this meeting. On December 27, 1997, Huval's employment was terminated by Gulfcoast effective December 24, 1997, for job abandonment. Huval filed the instant action on December 23, 1998, asserting claims under the Jones Act, the Americans with Disabilities Act, and various state law claims. Gulfcoast moved for summary judgment on all of the plaintiff's claims which was granted by the district court. Huval timely appeals to this Court.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district judge in his memorandum ruling filed under date of January 28, 2000, we AFFIRM the Final Judgment entered herein on February 2, 2000.

**AFFIRMED.**